### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES E. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-12-1310-HE |
| ) | |
| REPUBLIC PARKING SYSTEM, INC., ) | |
| ) | |
| Defendant. ) | |

### ORDER

Plaintiff James E. Adams filed this action against Republic Parking System, Inc. ("Republic"), his former employer, asserting claims for race discrimination under Title VII and 42 U.S. § 1981. Republic has filed a motion to compel arbitration of plaintiff's claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4 and the Oklahoma Uniform Arbitration Act, 12 Okla. Stat. §§ 1856, 1858. Having considered the arbitration agreement and the parties' submissions, the court concludes the motion should be granted.

When he applied with Republic for employment, plaintiff signed an application which included a provision requiring both employer and employee to arbitrate employment-related disputes. The arbitration clause provided:

> [In consideration of the Company's offer of employment and Applicant's acceptance of the Company's offer of employment,] the parties agree that they will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to the Applicant's application or candidacy for employment, promotion, demotion, or termination of employment with the Company exclusively by the final and binding arbitration before a neutral arbitrator. Examples of such claims include, but are not limited to claims under federal, state, and statutory or common law, such as the Age Discrimination in Employment Act, Title VII of the Civil Rights Act, as

> amended, including the 1991 amendments, the Americans with Disabilities Act, the law of contract and the law of tort.
>
> This arbitration provision is not intended to, and does not affect the substantive, legal rights of the parties.
>
> The arbitration shall be conducted in accordance with the Federal Arbitration act, 9 U.S.C. § 1-16. If the parties are unable to agree on an arbitrator, they shall jointly request the Federal Mediation and Conciliation Service to designate a panel of five arbitrators. Upon receipt of the panel of arbitrators, the parties shall meet and select an arbitrator by alternatively rejecting one of the names on the panel of arbitrators; the parties shall meet and select an arbitrator by alternatively rejecting one of the names on the panel. The right to make the first rejection shall be determined by a flip of the coin.
>
> The costs and expenses of the arbitration, including the arbitrator's fees, shall be borne equally by the parties. Each party will be responsible for his, her or its own attorney's fees, if any.

Defendant's Exhibit 1. Republic now seeks to enforce the agreement to arbitrate.

"The FAA provides that contractual agreements to arbitrate disputes 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" Hill v. Ricoh Americas Corp., 603 F.3d 766, 770-71 (10th Cir. 2010) (quoting 9 U.S.C. § 2). The Act is intended "to place an arbitration agreement upon the same footing as other contracts and to overturn the judiciary's longstanding refusal to enforce agreements to arbitrate." Id. (quoting Glass v. Kidder Peabody & Co., Inc., 114 F.3d 446, 451 (4th Cir.1997)). It obligates "courts to stay litigation on matters that the parties have agreed to arbitrate; and . . . authorizes a federal district court to compel arbitration when it would have jurisdiction over a suit on the underlying dispute." Id. Plaintiff does not dispute that his claims fall within the scope of the arbitration clause or that it is governed by

the Federal Arbitration Act. Instead, he contends the agreement is invalid and unenforceable because it impairs his ability to recover his attorney's fees, requires him to pay one-half of the arbitration costs and expenses, including the arbitrator's fees, and omits essential contract terms.[1]

Plaintiff claims the attorney's fee provision is unenforceable as it requires him to forego his substantive right under Title VII to recover his attorney's fees if he prevails. Republic asserts that this issue is not ripe because plaintiff "might drop his fee-shifting claims or lose them on the merits." If he does prevail, defendant asserts that plaintiff "can ask the arbitrator to award fees,"[2] and if the arbitrator refuses, plaintiff could seek review in this court under 9 U.S.C. § 10(a)(4).[3]

Defendant's arguments are not compelling and the cases it cites are distinguishable. In Hill, 603 F.3d at 779-80, the "clause [gave] the arbitrator discretion to award [the plaintiff] attorney fees if he prevail[ed] . . . ." *Id.* Smith v. AHS Oklahoma Heart, LLC, 2012

---

[1]*Generally, "[w]hether there is an enforceable contract to arbitrate is a matter of contract law to be decided by the court" under state law. See* Hill, *603 F.3d at 777;* Spinetti v. Serv. Corp. Int'l, *324 F.3d 212, 219 (3rd Cir. 2003) ("Under the FAA, federal arbitration policy must be implemented in lock-step with a determination of contract validity under state law."). The parties have relied on Oklahoma law when addressing the contract-law issues in the case and the court finds no basis to apply another state's law.*

[2]*Defendant also offers a strained construction of the fee clause, focusing on the "if any" ending. The court is not persuaded by its assertion that "Plaintiff could contend that a reasonable interpretation of this provision is that if he prevails on his claims, he has not incurred attorneys' fees because the statutory law permits him to recover his attorneys' fees from Republic." Defendant's reply, p. 4.*

[3]*Defendant acknowledges, though, that judicial review on the ground of manifest disregard of the law may not be available. See defendant's reply, p. 5 n.8, referring to* Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., *559 U.S. 662, ___ n.3 (2010).*

WL 3156877 (N.D. Okla. 2012) and Munoz v. Green Country Imports, LLC, 2012 WL 4736332 (N.D. Okla. 2012) dealt with fee-shifting, "loser pays" provisions. While some courts have upheld arbitration agreements that require a party asserting civil rights claims to pay his own attorney's fees, the agreements included language not present in the application plaintiff signed, such as "[t]his Agreement is intended to be performed in accordance with, and only to the extent permitted by, all applicable laws, ordinances, rules and regulations." Herrera v. Katz Commc'ns, Inc., 532 F. Supp. 2d 644, 647 (S.D.N.Y. 2008) (internal quotations omitted).

    Defendant is correct that plaintiff might not recover his attorney's fees, even if they were available, as he may not prevail on his claims. However, the court cannot state that plaintiff's "fear that his [Title VII] rights would not be vindicated is mere speculation," Hill, 603 F.3d at 780, when there is no opportunity for him to recover his attorney's fees. The "proviso requiring each party to pay its own attorney's fees — regardless of the outcome of the arbitration — runs counter to [the] statutory provision[] under Title VII ... that permit[s] an award of attorney's fees and costs to a prevailing party." Spinetti v. Serv. Corp. Int'l, 324 F.3d 212, 216 (3d Cir. 2003); see Whitman v. Legal Helpers Debt Resolution, LLC, 2012 WL 6210591 at *3 (D.S.C. 2012) ( "Courts that have examined arbitration clauses that limit a plaintiff's statutory right to damages or attorney's fees generally find those clauses unenforceable."). The court therefore concludes the attorney's fee provision is invalid. It reaches the same conclusion with respect to the fee-splitting clause.

    Republic argues that the fee-splitting provision does not make the agreement *per se*

invalid as courts analyze issues regarding alleged prohibitive arbitration costs on a case-by-case basis. Citing Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79 (2000), it contends that if plaintiff seeks to avoid arbitration by claiming its prohibitive costs would undermine his statutory remedy, then he must demonstrate he is likely to bear those expenses. *See* Smith, 2012 WL 3156877 at *2 ("After Green Tree, the majority of circuits addressing the specific type of provision at issue in this case—a mandatory 'loser pays' fee-shifting provisions that is contrary to fee-shifting provisions in federal anti-discrimination statutes—have held that such provisions do not render an arbitration agreement per se unenforceable. Instead, courts have held that the question of enforceability must be answered on a case-by-case basis . . . .") (internal quotations and citation omitted). Plaintiff has made the requisite showing here.

The agreement expressly provides that the "costs and expenses of the arbitration, including the arbitrator's fees, shall be borne equally by the parties," defendant's Exhibit 1 (emphasis added), and plaintiff has shown that having to pay one-half of the cost of arbitrating his claims would preclude him "from effectively vindicating [his] federal statutory rights in the arbitral forum." Green Tree, 531 U.S. at 90. Defendant did not dispute plaintiff's evidence demonstrating that arbitration costs range from approximately $5000 to $10,000, *see* plaintiff's exhibits 2-4, or his affidavit reflecting his current financial status. Rather, Republic states that it is willing, as an "*accommodation* to Plaintiff's plight," to bear the costs of the arbitration if the court should find "Plaintiff's condition is an impediment to Republic's right to arbitrate." Defendant's reply, pp. 6-7.

The court concludes the arbitration agreement places plaintiff "between the proverbial rock and a hard place-it prohibit[s] use of the judicial forum, where a litigant is not required to pay for a judge's services, and the prohibitive cost substantially limit[s] use of the arbitral forum." Shankle v. B–G Maint. Mgmt. of Colo., Inc., 163 F.3d 1230, 1235 (10th Cir.1999). Here, as in Shankle, the employer has required its job applicants "to agree to mandatory arbitration as a term of ... employment, yet failed to provide an accessible forum in which [they] could resolve [their] statutory rights." *Id*

Plaintiff's remaining argument – that the entire agreement is invalid because there was no meeting of the minds regarding its essential terms – is not compelling. The lack of provisions regarding "what discovery rules apply, forum selection or rules of evidence" are not essential in the sense that without them a contract could not be formed. An offer and acceptance does not have to contain every term of the agreement.

Having concluded the attorney's fee and fee-splitting clauses in the arbitration agreement are invalid, the court now must determine whether, as defendant requests, those provisions should be severed and arbitration compelled. Defendant argues that because the "primary purpose of the agreement was to provide a mechanism to resolve employee-related disputes ... severance of the fee and costs provision does not abrogate the primary purpose of the Arbitration clause," thereby making severance appropriate. Defendant's reply, p. 9.

Courts look to state law when determining the effect of invalid provisions in an arbitration agreement. *E.g.*, Spinetti, 324 F.3d at 219. The Oklahoma Supreme Court has held that "if the discriminatory and hence unenforceable provision is not considered essential,

the offending provision will be excised and the remaining portions of the contract will be enforced." Hargrave v. Canadian Valley Elec. Coop., Inc., 792 P.2d 50, 60 (Okla.1990). Clearly the primary purpose of the arbitration agreement was to provide a means of resolving employment-related disputes. For that reason courts often sever provisions similar to those found to be unenforceable here. *E.g.*, Smith, 2012 WL 3156877 at *4. In light of the purpose of the parties' agreement and the liberal federal policy favoring arbitration agreements,[4] the court concludes the invalid attorney's fee and fee splitting provisions should be severed and plaintiff's employment claims should be arbitrated under the remainder of the agreement.[5] *See* Spinetti, 324 F.3d at 214 ("You don't cut down the trunk of a tree because some of its branches are sickly."); *see generally* Herrera, 532 F.Supp.2d at 647 (if arbitration clause had precluded arbitrator from awarding prevailing FMLA plaintiff attorney's fees, the proper remedy would have been to server the invalid provision because "[a]ny other approach would serve to thwart the very essence of the arbitral agreement the parties have reached.").

Accordingly, defendant's motion (Doc # 10) is **GRANTED** and the parties are ordered to arbitrate plaintiff's claims. The portion of the parties' agreement referencing costs and expenses of the arbitration and attorneys fees is deemed illegal and unenforceable.

---

[4]*Defendant asserts that "[i]n furtherance of the FAA's pro-arbitration policy, an order granting a motion to compel is not appealable . . . ." Defendant's motion, p. 7 n.2. Some courts have concluded otherwise. See e.g.,* Spinetti, *324 F.3d at 215, citing* Green Tree, *531 U.S. at 89.*

[5]Shankle, *relied upon by plaintiff, was not decided under Oklahoma law.*

7

Plaintiff's claims against defendant will be stayed pending arbitration. 9 U.S.C. § 3. The Clerk of Court is directed to administratively close this case in his records without prejudice to the right of a party to move to have the case reopened upon completion of the arbitration proceedings or for another proper purpose. If a motion to reopen is not filed within **thirty (30) days** of completion of the arbitration proceeding, this action shall be deemed dismissed with prejudice.

    **IT IS SO ORDERED**.

    Dated this 9th day of April, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE